UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| DANIEL W. ROBINSON,<br><br>    Petitioner,<br><br>v.<br><br>T. E. BUSBY,<br><br>    Respondent. | No. ED CV 10-672-R (PLA)<br><br>**ORDER TO SHOW CAUSE RE: DISMISSAL OF SUCCESSIVE PETITION** |

Petitioner initiated this action on April 14, 2010, by filing a Petition For Writ of Habeas Corpus Under 28 U.S.C. § 2254 by a Person in State Custody (the "Petition"), in the United States District Court for the Southern District of California. The case was transferred to this Court on May 5, 2010. The instant Petition challenges petitioner's 1999 conviction in the Riverside County Superior Court, Case No. RIF084352, for first degree burglary and resisting arrest. The trial court also found true that petitioner had prior felony convictions. (Petition at 1-2; Petition attachment at 1).

The Court observes that on September 14, 2001, petitioner filed an earlier habeas petition in this Court, Case No. ED CV 01-674-R (PLA), in which he also challenged his 1999 conviction. The 2001 petition was dismissed on the merits with prejudice pursuant to the Judgment entered

on April 23, 2002. (See Final Report and Recommendation of United States Magistrate Judge and Judgment in Case No. ED CV 01-674-R (PLA)).

A federal habeas petition is successive if it raises claims that were or could have been adjudicated on the merits in a previous petition. Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam), cert. denied, 538 U.S. 984, 123 S.Ct. 1793 (2003). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

Furthermore, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

In his 2001 federal habeas challenge, petitioner raised the claim that there was insufficient evidence to support his conviction for first-degree burglary. (See Final Report and Recommendation, issued on April 23, 2002, at p. 6). As mentioned above, the action was dismissed on the merits and with prejudice. (See Order Adopting Magistrate Judge's Final Report and Recommendation and Judgment, both entered on April 23, 2002).

In the instant Petition, petitioner sets forth a new claim not presented in the earlier federal habeas action. Relying on the ruling by the United States Supreme Court in Cunningham v. California, 549 U.S. 270, 127 S.Ct. 856, 166 L.Ed.2d 856 (2007), among other cases, petitioner contends that he was denied due process under the Sixth and Fourteenth Amendments when the

trial court relied on facts not presented to or found to be true by the jury as a basis for enhancing petitioner's sentence. (See Petition attachment). To the extent petitioner contends that he should be permitted to file a successive petition under 28 U.S.C. § 2244(b)(2)(A) -- the provision allowing for the filing of a claim that relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court -- since the claim in the instant Petition is based on the Supreme Court's decision in Cunningham, which was decided after his 2001 federal habeas petition was denied, his argument fails. In Butler v. Curry, 528 F.3d 624, 639 (9th Cir. 2008), the Ninth Circuit held that although Cunningham is retroactively applicable to cases on collateral review, Cunningham did not announce a new rule because it "did not add any new elements or criteria for determining when a state statute violates the Sixth Amendment. It simply applied the rule of Blakely[1] to a distinct ... state sentencing scheme." Id. (internal citations and quotation marks omitted). Thus, Cunningham does not satisfy the first requirement of § 2244(b)(2)(A), that a constitutional rule be newly recognized. See Wright v. Dexter, 546 F.3d 1096, 1097 (9th Cir. 2008) (Because "Cunningham 'did not announce a new rule of constitutional law[,]' ... [it] cannot form the basis of an application for a second or successive 28 U.S.C. § 2254 habeas corpus petition.") (quoting Butler, 528 F.3d at 639). To the extent the instant Petition relies on Apprendi, Blakely, and Booker (see Petition attachment at 4-6, 10), the Ninth Circuit has held that Apprendi, Blakely, and Booker are not retroactively applicable to cases on collateral review. See Schardt v. Payne, 414 F.3d 1025, 1036 (9th Cir. 2005); United States v. Cruz, 423 F.3d 1119, 1121 (9th

---

[1] The Supreme Court's decision in Cunningham depended on the new rule announced by the Court in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), as well as the earlier case of Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). In Blakely, the Supreme Court applied the rule set forth earlier in Apprendi that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Blakely, 542 U.S. at 301 (quoting Apprendi, 530 U.S. at 490). Subsequently, in United States v. Booker, 543 U.S. 220, 227, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), the Supreme Court reaffirmed its holding in Apprendi, found that "the Sixth Amendment as construed in Blakely" did apply to the federal Sentencing Guidelines, invalidated two provisions of the Sentencing Reform Act of 1984 that had the effect of making the Guidelines mandatory, and held that federal sentences on review would be subject to a review for reasonableness. See id. at 226-27, 243-46, 258-65.

1 | Cir. 2005); Rees v. Hill, 286 F.3d 1103, 1104 (9th Cir. 2002). Accordingly, none of these case
2 | satisfy the second requirement of § 2244(b)(2)(A), that a constitutional rule be retroactive.[2]

In any event, even if petitioner's claim satisfied the AEDPA standards for filing a successive petition under 28 U.S.C. § 2244(b)(2)(A) or (B), he nevertheless is required to seek authorization from the Ninth Circuit before filing a successive petition. 28 U.S.C. § 2244(b)(3)(A). There is no indication that petitioner has obtained such permission from the Ninth Circuit. See Burton v. Stewart, 549 U.S. 147, 153, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007) (AEDPA requires petitioner to receive authorization from the Court of Appeals before filing a second habeas petition). It therefore appears that the Court is without jurisdiction to entertain the current Petition under 28 U.S.C. § 2244(b). See id.; Cooper, 274 F.3d at 1274 ("'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.'").

/
/
/
/
/
/
/
/
/
/
/
/
/

---

[2] Further, because Apprendi was decided in 2000, the rule announced in Apprendi was not "unavailable" to petitioner when he filed his 2001 federal habeas petition in this Court. For this additional reason, petitioner's reliance on Apprendi fails to satisfy 28 U.S.C. § 2244(b)(2)(A).

4

Accordingly, petitioner is **ordered to show cause** why the instant Petition should not be dismissed as successive. Specifically, petitioner must submit to the Court **on or before May 28, 2010**, documentation showing that, pursuant to 28 U.S.C. § 2244(b)(3)(A), he properly filed a motion in the Ninth Circuit for an order authorizing the district court to consider a successive petition, and that the Ninth Circuit issued such an order. **Failure to respond by May 28, 2010, may result in the instant Petition being dismissed without prejudice.**[3] See Reyes v. Vaughn, 276 F.Supp.2d 1027, 1029-30 (C.D. Cal. 2003) (dismissing successive petition without prejudice to petitioner's right to seek authorization from the Ninth Circuit).

**IT IS SO ORDERED.**

DATED: May 10, 2010

PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

---

[3] In the event that petitioner has not complied with 28 U.S.C. § 2244(b)(3)(A), he is advised that if he wishes to make a successive habeas application, he must file a "Motion for Order Authorizing District Court to Consider Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b)(3)(A)" directly with the Ninth Circuit. Until the Ninth Circuit issues such an order, any direct or implied request for a second or successive petition for writ of habeas corpus is barred by § 2244(b) and must be dismissed **without prejudice** to petitioner's right to seek authorization from the Ninth Circuit to file the petition.