UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL W. ROBINSON, | ) | No. ED CV 10-672-R (PLA) |
| Petitioner, | ) ) ) | **ORDER DISMISSING PETITION AS SUCCESSIVE** |
| v. | ) ) | |
| T. E. BUSBY, | ) ) | |
| Respondent. | ) ) | |

On April 14, 2010, petitioner filed a Petition For Writ of Habeas Corpus Under 28 U.S.C. § 2254 by a Person in State Custody (the "Petition"), in the United States District Court for the Southern District of California. The case was transferred to this District on May 5, 2010. The instant Petition challenges petitioner's 1999 conviction in the Riverside County Superior Court, Case No. RIF084352. (Petition at 1-2; Petition attachment at 1). On September 14, 2001, petitioner filed an earlier habeas petition in this court, Case No. ED CV 01-674-R (PLA), in which he also challenged his 1999 conviction. The 2001 petition was dismissed on the merits with prejudice pursuant to the Judgment entered on April 23, 2002.

On May 10, 2010, the Magistrate Judge issued an Order to Show Cause Re: Dismissal of Successive Petition, ordering petitioner to show cause no later than May 28, 2010, why the

Petition should not be dismissed as successive.[1]  Petitioner did not file a response to the Magistrate Judge's May 10, 2010, Order.

## DISCUSSION

The Petition was filed after the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA").  Pub. L. No. 104-132, 110 Stat. 1214 (1996).  Therefore, the Court applies the AEDPA in its review of this action.  See Lindh v. Murphy, 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

A federal habeas petition is successive if it raises claims that were or could have been adjudicated on the merits in a previous petition.  Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam), cert. denied, 538 U.S. 984, 123 S. Ct. 1793 (2003).  A second or subsequent petition for habeas corpus is not considered "successive" if the initial or prior petition was dismissed on a technical or procedural ground rather than on the merits.  See Slack v. McDaniel, 529 U.S. 473, 485-87, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (holding that dismissal for failure to exhaust state remedies is not an adjudication on the merits).  The AEDPA provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable

---

[1]  In the May 10, 2010, Order to Show Cause, the Magistrate Judge also advised petitioner that if he wished to file a successive habeas application, he was required to file a "Motion for Order Authorizing District Court to Consider Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b)(3)(A)" directly with the Ninth Circuit. The Magistrate Judge further advised petitioner that until the Ninth Circuit issues such an order, any direct or implied request for a second or successive petition for writ of habeas corpus is barred by § 2244(b) and must be dismissed without prejudice.

> factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

In his 2001 federal habeas challenge, petitioner raised the claim that there was insufficient evidence to support his conviction for first-degree burglary. (See Final Report and Recommendation in Case No. ED CV 01-674-R (PLA), issued on April 23, 2002, at p. 6). As mentioned above, the action was dismissed on the merits and with prejudice. (See Order Adopting Magistrate Judge's Final Report and Recommendation and Judgment, both entered on April 23, 2002).

In the instant Petition, petitioner sets forth a claim that was not presented in his 2001 federal habeas action. Relying on the ruling by the United States Supreme Court in Cunningham v. California, 549 U.S. 270, 127 S.Ct. 856, 166 L.Ed.2d 856 (2007), among other cases, petitioner contends that he was denied due process under the Sixth and Fourteenth Amendments when the trial court relied on facts not presented to or found to be true by the jury as a basis for enhancing petitioner's sentence. (See Petition attachment).

The instant Petition does not satisfy 28 U.S.C. § 2244(b)(2)(A) -- the provision allowing for the filing of a claim that relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. As petitioner was advised in the May 10, 2010, Order, in Butler v. Curry, 528 F.3d 624, 639 (9th Cir. 2008), the Ninth Circuit held that although Cunningham is retroactively applicable to cases on collateral review, Cunningham did not announce a new rule because it "did not add any new elements or criteria for determining when a state statute violates the Sixth Amendment. It simply applied the rule of Blakely[2] to a distinct

---

[2]  The Supreme Court's decision in Cunningham depended on the new rule announced by the Supreme Court in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), as well as the earlier case of Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). In Blakely, the Supreme Court applied the rule set forth earlier in Apprendi that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Blakely, 542 U.S. at 301 (quoting Apprendi, 530 U.S. at 490). Subsequently, in United States v. Booker, 543 U.S. 220, 227, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), the

... state sentencing scheme." Id. (internal citations and quotation marks omitted). Thus, Cunningham does not satisfy the first requirement of § 2244(b)(2)(A), that a constitutional rule be newly recognized. See Wright v. Dexter, 546 F.3d 1096, 1097 (9th Cir. 2008) (Because "Cunningham 'did not announce a new rule of constitutional law[,]' ... [it] cannot form the basis of an application for a second or successive 28 U.S.C. § 2254 habeas corpus petition.") (quoting Butler, 528 F.3d at 639). To the extent the instant Petition relies on Apprendi, Blakely, and Booker (see Petition attachment at 4-6, 10), the Ninth Circuit has held that Apprendi, Blakely, and Booker are not retroactively applicable to cases on collateral review. See Schardt v. Payne, 414 F.3d 1025, 1036 (9th Cir. 2005); United States v. Cruz, 423 F.3d 1119, 1121 (9th Cir. 2005); Rees v. Hill, 286 F.3d 1103, 1104 (9th Cir. 2002). Accordingly, none of these case satisfy the second requirement of § 2244(b)(2)(A), that a constitutional rule be retroactive.[3]

Moreover, even if petitioner's claim in the instant Petition satisfied 28 U.S.C. § 2244(b)(2)(A) or § 2244(b)(2)(B), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). There is no indication in the instant Petition, or in the overall record, that petitioner has obtained such authorization from the Ninth Circuit. See Burton v. Stewart, 549 U.S. 147, 127 S. Ct. 793, 796, 166 L. Ed. 2d 628 (2007) (AEDPA requires petitioner to receive authorization from the Court of Appeals before filing a second habeas petition).

In the May 10, 2010, Order to Show Cause Re: Dismissal of Successive Petition, the Magistrate Judge advised petitioner that a review of his Petition indicated that it was successive,

---

Supreme Court reaffirmed its holding in Apprendi, found that "the Sixth Amendment as construed in Blakely" did apply to the federal Sentencing Guidelines, invalidated two provisions of the Sentencing Reform Act of 1984 that had the effect of making the Guidelines mandatory, and held that federal sentences on review would be subject to a review for reasonableness. See id. at 226-27, 243-46, 258-65.

[3] Further, because Apprendi was decided in 2000, the rule announced in Apprendi was not "unavailable" to petitioner when he filed his 2001 federal habeas petition in this Court. For this additional reason, petitioner's reliance on Apprendi fails to satisfy 28 U.S.C. § 2244(b)(2)(A).

and he was ordered to show cause why his Petition should not be dismissed on that basis. Petitioner was advised that unless he submitted documentation to the Court on or before May 28, 2010, showing that he filed a motion in the Ninth Circuit for an order authorizing the District Court to consider a successive petition **and that the Ninth Circuit issued such an order**, the Petition would be dismissed without prejudice.

Here, petitioner did not respond to the May 10, 2010, Order, and has not presented any documentation showing that the Ninth Circuit issued an order authorizing the District Court to consider a successive petition. As such, the Court concludes that it is without jurisdiction to entertain the Petition under 28 U.S.C. § 2244(b). See id.; Cooper, 274 F.3d at 1274 ("'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.'").

Accordingly, the Court finds that dismissal of the instant Petition is appropriate as it is successive, and petitioner has not provided any documentation to this Court showing that he received authorization from the Ninth Circuit to file a successive petition.

## **ORDER**

It is hereby **ORDERED** that judgment be entered dismissing the Petition without prejudice as successive.

DATED: June 14, 2010

HONORABLE MANUEL L. REAL
UNITED STATES DISTRICT JUDGE